SEVERA KEITH, CSBN 218167
THE KEITH LAW OFFICE, P.C.
179 Eleventh Street
San Francisco, CA 94103
(415) 626-6000 - Telephone
(415) 626-6000 - Facsimile

Attorney for Defendant
RYAN CARROLL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>RYAN CARROLL,<br><br>      Defendant. | Case No. CR-13-0566 EMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COUNTS FOUR, FIVE, AND SIX OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE PURSUANT TO FED. R. CRIM. PROC. 12(b)(2) AND 12(b)(3)(B); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:  April 29, 2015<br>TIME:  2:30 p.m.<br>COURT:  17th Floor, Courtroom 5<br><br>The Honorable Edward M. Chen |

### MOTION TO DISMISS COUNTS FOUR, FIVE, AND SIX

  Defendant Ryan Carroll hereby moves the Court, through counsel, to dismiss Counts Four, Five, and Six of the Indictment due to the government's failure to state an offense against the defendant, because the facts alleged in the Indictment fall beyond the scope of the relevant

criminal statute charged in Count Five, 18 U.S.C. § 1519, and also fail to state offenses for Counts Four and Six, because those Counts incorporate Count Five.  The government has also failed to allege an essential element of Counts Four, Five, and Six, which is a fatal defect in the Indictment.  This motion is brought on the grounds that these deficiencies in the Indictment require dismissal of the Counts pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3)(B), and pursuant to *Yates v. United States*, 135 S. Ct. 1075 (2015), *United States v. Omer*, 395 F.3d 835 (9th Cir. 2004), and *United States v. Panarella*, 277 F.3d 678 (3d Cir. 2002).

      This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the records and files of this case, and such further evidence, exhibits, and argument as defendant may submit at the hearing of this matter.

DATED:  April 20, 2015.                                          Respectfully submitted,

                                                                              /s/  Severa Keith

                                                                SEVERA KEITH
                                                                Attorney for Defendant
                                                                RYAN CARROLL

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### INTRODUCTION

      Count Five of the Indictment ("Destruction of Object to Obstruct Investigation") alleges that Ryan Carroll and his co-defendant, Robert Lee, "set fire to a 1996 Saab sedan in order to impede the investigation of the robbery and murder of Reetpaul Rana . . . ," violating 18 U.S.C. § 1519.  On February 25, 2015, the Supreme Court of the United States, using canons of statutory construction, explained that §1519 was intended to prevent the destruction of "records, documents, and objects used to preserve them, *e.g.*, computers, servers, and other media on which information is stored," while rejecting the argument that the statute's reach extended to "all objects in the world," such as fish.  *Yates*, 135 S. Ct. 1074, 1081.  The Supreme Court held

"that a 'tangible object' within § 1519's compass is one used to record or preserve information." *Id.* at 1088-89.

Since a car is not a tangible object that is used to record or preserve information, the facts alleged in the Indictment fall beyond the scope of the criminal statute charged in Count Five. Because Counts Four and Six incorporate the elements of Count Five, the factual allegations are also outside the scope of these criminal statutes. Moreover, the holding in *Yates* makes it impossible for the government to state an essential element of Counts Four, Five, and Six, which is a fatal flaw in the Indictment. As set forth below, Counts Four, Five, and Six must be dismissed because the Indictment is deficient for failure to state the offenses charged in these Counts.

## ARGUMENT

I. AS A MATTER OF LAW, THE INDICTMENT FAILS TO ALLEGE FACTS THAT STATE AN OFFENSE UNDER 18 U.S.C. § 1519, AS THE STATUTE DOES NOT APPLY TO THE DESTRUCTION OF CARS, SO COUNT FIVE MUST BE DISMISSED FOR LACK OF JURISDICTION.

Mr. Carroll challenges the Court's jurisdiction over Counts Four, Five, and Six, because, as a matter of law, based on the facts alleged in the Indictment, the government has failed to state criminal offenses. A claim is jurisdictional if it can be resolved by examining the face of the indictment and the relevant statute. *United States v. Caperell*, 938 F.2d 975, 977-78 (9th Cir. 1991). Such claims can be raised at any time, including pretrial. *Id.*; Fed. R. Crim. Proc. 12(b)(2), 12(b)(3)(B).

As a matter of law, Count Five does not state an offense. The government alleges that Mr. Carroll destroyed evidence, a violation of 18 U.S.C. § 1519 ("§ 1519"), by setting fire to the victim's car. By the plain language of § 1519, which includes, "makes a false entry in any record, document, or tangible object," it is clear that the statute's intent is to prevent falsification or destruction of records and that the "tangible object" contemplated by the law is an object in

which one can "make a false entry."[1]  The Supreme Court agrees.  *Yates*, 135 S. Ct. 1074 at 1088-89.

Mr. Yates challenged his conviction of § 1519, which stemmed from allegations that he told his crew member to dump crates of undersize fish overboard, after law enforcement had boarded Yates' boat off-shore and segregated the undersize fish into separate crates for further inspection after docking.  Yates appealed the conviction, arguing that the actions for which he was convicted did not fall within the purview of § 1519, a provision of the Sarbanes-Oxley Act, because the "tangible objects" to which the act referred were objects that stored electronic data, not fish.  Justice Alito questioned the applicability of § 1519 to a broader class of tangible objects by positing, "How does one make a false entry into a fish?" *Id.* at 1090.  The plurality agreed that Congress did not intend to bury a "general spoliation statute covering objects of any and every kind in a provision targeting fraud in financial record-keeping." *Id.* at 1087.

For § 1519, there is no distinction between a fish and a car.  Just a Mr. Yates' dumping of crates of fish concealed evidence of the fish's undersized lengths, the alleged burning of the victim's car could have possibly destroyed quantifiable evidence of a crime.  Regardless, since a car is not an object in which financial or similar data records can be maintained, its destruction is not properly charged under § 1519, and Count Five must be dismissed.

"[F]or purposes of Rule 12(b)(2), a charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002); *See United States v. Caperell,* 938 F.2d 975 (9th Cir. 1991); *United States v. Patridge-Staudinger*, 287 F.R.D. 651, 653-54 (E.D. Wash. 2013) (Holding that dismissal under 12(b)(3)(B) is only proper when there are no factual issues in dispute, and defendant has identified a dispositive legal issue that challenges the indictment).  The Supreme Court has determined that § 1519 only applies to data records, and that "tangible objects," as referred to in

---

[1] Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both. 18 U.S.C. § 1519.

that statute are hard drives and other data storage devices.  Therefore, the facts alleged in the Indictment in this matter, that Mr. Carroll and his co-defendant, Robert Lee, burned the victim's car in order to destroy evidence of a murder, fall beyond the scope of the relevant statute, as a matter of law and of statutory interpretation, as determined in *Yates v. United States*.  Thus, the Indictment does not state an offense.

     A dismissal of Count Five is required.  "'In order to be valid, an indictment must allege that the defendant performed acts which, if proven, constituted a violation of the law that he or she is charged with violating'" *United States v. Zauber*, 857 F.2d 137, 144 (3d. Cir 1988) (quoting *United States v. Gimbel*, 830 F.2d 621, 624 (7th Cir. 1987)).   The facts charged in the Indictment do not state an offense, because the conduct alleged in Count Five of the Indictment, even if true, does not constitute a violation of § 1519.  *See United States v. Ropp*, 347 F.Supp. 2d 831, 832, 837-838 (C.D. Cal. 2004) (Dismissing the indictment because the key stoke-catching software, although a "gross invasion of privacy" was not an "electronic communication" within the meaning of the Wire Tap Act, since the information never left the computer).  For the reasons set forth above, the Court must dismiss Count Five.

    II.    COUNTS FOUR AND SIX HINGE ON COUNT FIVE, SO THESE COUNTS FAIL BECAUSE THE INDICTMENT FAILS TO ALLEGE FACTS THAT CONSTITUTE A VIOLATION OF THE LAWS ALLEGED; THE FACTS ARE BEYOND THE SCOPE OF THE RELEVANT STATUTES.

     The commission of 18 U.S.C. § 1519 is incorporated into Count Four and Count Six.  No facts alleged in the indictment support a conviction under § 1519.  Dismissal of Counts Four and Six is thereby also required because the facts alleged fall beyond the scope of the relevant criminal statutes, based on the face of the Indictment and the relevant statutes, as a matter of statutory interpretation.  *Panarella*, 277 F.3d at 685.

     Count Six of the indictment alleges that Ryan Carroll and his co-defendant, Robert Lee, used fire to destroy evidence, a car, in violation of 18 U.S.C. § 844(h)(1) ("§ 844(h)(1)"), which states as follows:

> (h) Whoever--
> (1)  uses fire or an explosive *to commit any felony which may be prosecuted in a court of the United States*, . . . including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device

5

>shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years. In the case of a second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for 20 years. . . .

18 USCS § 844 (h)(1) (emphasis added).

This offense is predicated on a separate felony being committed. Here, the other felony is alleged to be § 1519. As stated in Section 1, *supra*, no facts alleged in the indictment, even if true, constitute a violation of § 1519, based on statutory construction and *Yates*. Without a violation of § 1519, the facts alleged cannot, under any circumstances, constitute a violation 18 U.S.C. § 844(h)(1). *United States v. Zauber*, 857 F.2d 137, 144. The Count must be dismissed for failure to state an offense.

Count Four of the Indictment, a violation of 18 U.S.C. § 371 ("§ 371"), alleges that Ryan Carroll, and his co-defendant, Robert Lee, conspired to destroy a car to obstruct the investigation of the alleged robbery and murder. The alleged objects of the conspiracy were to violate § 1519, and to use fire to accomplish the destruction of evidence, a violation of § 844(h)(1). For the reasons stated above, based on the face of the Indictment, this Count must also be dismissed.

Even though a conspiracy does not require completion of the underlying criminal offense, there must be an underlying criminal offense.[2] "In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt: First, beginning on or about [*date*], and ending on or about [*date*], there was an agreement between two or more persons to commit at least one crime as charged in the indictment . . . ." *Manual of Model Jury Instructions, for the District Courts of the Ninth Circuit, 2010 Edition*, *Instruction 8.20, Conspriacy – Elements*. Here, Counts Five and Six fail to state criminal offenses, for the reasons set forth above. Since underlying criminal offenses operate as elements

---

[2] "To prove a conspiracy under 18 U.S.C. § 371, the government must establish: (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." *United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir.2004) (citation and internal quotation marks omitted).

of the conspiracy charge,[3] Count Four fails to state an offense, based on a review of the Indictment and the relevant statutes.

Counts Four and Six are based on facts that fall beyond the scope of the statutes, because both § 844(h)(1) and § 371 incorporate the alleged commission of § 1519. They must be dismissed for failure to state an offense and lack of jurisdiction.

### III. THE *YATES* DECISION ESTABLISHES AN ESSENTIAL ELEMENT OF 18 U.S.C. § 1519 AND THE EXCLUSION OF THIS ELEMENT FROM THE INDICTMENT IS A FATAL DEFECT THAT REQUIRES DISMISSAL OF COUNTS FOUR, FIVE, AND SIX.

*Yates* clarified that, under § 1519, "documents, records, and tangible objects" refer to data or information in hard copy or within a storage device, rather than referring to any physical thing, such as a car or fish. *See Yates*, 135 S. Ct. at 1090. This is an essential element of the offense. With this in mind, Count Five, and Counts Four and Six, because they incorporate Count Five as an element, must be dismissed for their failure to allege an essential element of § 1519, the destruction of data or information. "If properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999).

"The failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect." *United States v. King*, 587 F.2d 956, 963 (9th Cir. 1978) (Reversing the conviction because the indictment did not recite an element of the offense). If jurisprudence determines that there are necessary elements of an offense not stated in the statute, those elements must be stated in the indictment, and mere recitation of the statute will not suffice. *See Du Bo* 186 F.3d at 1179 (holding that exclusion of the *mens rea* of "knowingly or willingly" from the indictment was a fatal flaw requiring dismissal); *United States v. Omer*, 395 F.3d 1087,

---

[3] "With respect to the first element in this instruction, if other jury instructions do not set out the elements of the crimes alleged to be objects of the conspiracy, the elements must be included in this or an accompanying instruction. *United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir.2008)." *Manual of Model Jury Instructions, 2010 Edition*, *Commentary, Instruction 8.20.*

1088 (9th Cir. 2005) (Dismissing the indictment for failure to allege the element of materiality, which the Supreme Court had determined was an element of the charged defense).

> It is of paramount importance to the rights of the accused that the indictment contain an adequate recitation of each component of the crime that the Government must establish. One test used to evaluate the sufficiency of an indictment is whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet.

*United States v. King*, 587 F.2d 956, 963 (9th Cir. 1978) (internal quotations and citations omitted).

An essential element described by the Supreme Court is not recited in the Indictment, namely that the destroyed evidence was records data or a data storage device, and this is a fatal defect in the indictment requiring dismissal of Count Five.  Since Counts Four and Six incorporate Count Five as an element, as described in Section II, *supra*, those Counts must also be dismissed for failure to state an essential element of the offenses.

## CONCLUSION

For the reasons set forth above, the Indictment is deficient because it alleges facts that fall beyond the scope of the 18 U.S.C. § 1519, Count Five, which is incorporated into Counts Four and Six.  No facts alleged, even if true, constitute violations of Counts Four, Five, or Six.  The Indictment also fails to allege an essential element to each of those Counts. For the reasons set forth in this motion, Counts Four, Five, and Six fail to state offenses and must be dismissed for lack of subject matter jurisdiction.

Dated:  April 20, 2015.                                          Respectfully submitted,

   /s/  Severa Keith

SEVERA KEITH
Attorney for Defendant
RYAN CARROLL