BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
ANDREW M. SCOBLE (CABN 124940)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    scott.joiner@usdoj.gov
    andrew.scoble@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN CARROLL and<br>ROBERT LEE,<br><br>    Defendants. | Case Nos.    CR 15-00246 EMC<br>                  CR 13-00566 EMC<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Sentencing Date:   November 18, 2015<br>Time:                2:30 p.m.<br>Judge:              Hon. Edward M. Chen |

# I.  INTRODUCTION

The defendants, Ryan Carroll and Robert Lee, stand before the Court to be sentenced following their guilty pleas. Defendant Ryan Carroll pled guilty to Count Three of the Indictment in Case No. CR 13-00566 EMC, which charged him the use of a firearm in furtherance of a crime of violence causing murder in violation of 18 U.S.C. § 924(j). Defendant Robert Lee pled guilty to Count Seven of the Indictment in Case No. CR 13-00566 EMC, which charged him with being an accessory after the fact in violation of 18 U.S.C. §§ 3 and 924(j) (use of a firearm use in furtherance of a crime of violence causing murder), and Count Two of the Indictment in Case No. CR 15-00246 EMC, which charged him with the malicious destruction of a vehicle by means of fire in violation of 18 U.S.C. § 844(i).

Both defendants pled guilty after entering into plea agreements with the government, pursuant to Rule 11(c)(1)(C) and Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, in which the government and each defendant agreed that specific sentences would be reasonable and appropriate under the Sentencing Guidelines and 18 U.S.C. § 3553(a). In the case of Ryan Carroll, the parties agreed that – in light of his agreement to enter into a guilty plea as part of a global disposition – a reasonable and appropriate sentence and disposition of the case would be: (i) a total sentence of imprisonment of 180 months; (ii) a term of 5 years' supervised release; (iii) a fine to be determined by the court; (iv) restitution; and (v) a mandatory special assessment of $100 for each count of conviction. In the case of Robert Lee, the parties similarly agreed that – in light of his agreement to enter into a guilty plea as part of a global disposition – a reasonable and appropriate sentence and disposition of the case would be: (i) a total sentence of imprisonment of 84 months; (ii) a term of 5 years' supervised release; (iii) a fine to be determined by the court; (iv) restitution; and (v) a mandatory special assessment of $100 for each count of conviction.

The government submits the following sentencing memorandum to advise the Court of its position with regard to the final presentence report ("PSR") for each defendant and its sentencing recommendation.

# II.  DISCUSSION

### A.  Applicable Law

Section 3553(a) directs courts to consider a number of factors in determining an appropriate

sentence. In this case, these factors indicate that a sentences outlined in is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The key factors are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant *id.* § 3553(a)(2)(C).

Although the Supreme Court's decision in *Booker* has rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing. *Kimbrough v. United States*, 552 U.S. 85, 108, (2007) (internal quotation marks and citation omitted); *see Carty*, 520 F.3d at 991 (en banc); *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011). While there is no presumption of reasonableness for a Guidelines range sentence, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at 991-992 (citing *Gall v. United States*, 552 U.S. 38, 50, (2007)); *see also United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence."). As the Supreme Court recognized in *Gall*, "a major departure should be supported by a more significant justification than a minor one." 552 U.S. at 50. Finally, "[a]s a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing." *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008); *see, e.g.*, *United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010).

**B.     Sentencing the Defendants to the Agreed Upon Sentences Would Vindicate the Interests Set Forth in 18 U.S.C. § 3553(a).**

The government agrees with the calculations and recommendation set forth in PSR for each defendant. After final PSR's were prepared, however, counsel for defendant Ryan Carroll notified the government by email on October 20, 2015, that Mr. Carroll had received an "inheritance" in the amount of $39,215.00. The government therefore requests that the PSR for Mr. Carroll be amended to reflect this fact and that the Court take these funds into consideration when evaluating Mr. Carroll's ability to

pay a fine or restitution.

With this amendment to Mr. Carroll's PSR in mind, the government notes that the parties and U.S. Probation all agree that the appropriate sentences in this case are contained in the plea agreements. As set forth in each PSR, the sentences contained in the plea agreements would be sufficient, but not greater than necessary, to achieve the goals of sentencing under 18 U.S.C. § 3553(a). Regarding restitution, as also set forth in the plea agreements, the government believes that restitution is appropriate (and mandatory) under 18 U.S.C. § 3663A for each defendant, but defers to the Court as to the total amount to be determined.

### III. CONCLUSION

In full consideration of the defendants' history and characteristics together with the goals of sentencing, the government respectfully requests that the Court sentence the defendants as follows:

<u>Ryan Carroll</u>: (i) a total sentence of imprisonment of 180 months;

(ii) a term of 5 years' supervised release;

(iii) a fine to be determined by the Court;

(iv) restitution to be determined by the Court; and

(v) a mandatory special assessment of $100 for each count of conviction.

<u>Robert Lee</u>: (i) a total sentence of imprisonment of 84 months;

(ii) a term of 5 years' supervised release;

(iii) a fine to be determined by the Court;

(iv) restitution to be determined by the Court; and

(v) a mandatory special assessment of $100 for each count of conviction.

DATED: November 11, 2015            Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

By:   /s/
SCOTT D. JOINER
ANDREW M. SCOBLE
Assistant United States Attorneys

UNITED STATES' SENTENCING MEMORANDUM
CR 15-00246 EMC; CR 13-00566 EMC            3