SEVERA KEITH (SBN 218167)
THE KEITH LAW OFFICE, P.C.
214 Duboce Avenue
San Francisco, CA 94103
(415) 626-6000 - Telephone
(415) 255-8631 - Facsimile

Attorney for Defendant
RYAN CARROLL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>RYAN CARROLL<br><br>　　　　　　Defendant. | No.  CR-13-00566-EMC<br><br>**DEFENDANT RYAN CARROLL'S SENTENCING MEMORANDUM**<br><br>Date: November 18, 2015<br>Time: 2:30 p.m.<br>Ct:  The Honorable Edward M. Chen |

   Defendant Ryan Carroll submits the following memorandum in support of his request for a sentence of one hundred and eighty months of incarceration, pursuant to the Plea Agreement. This sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing that are set forth in 18 U.S.C § 3553(a)(2).  Based on the factors set forth in the Presentence Report ("PSR"), the sentence is sufficient, under the Sentencing Guidelines.

## I.　　PLEA AND ADVISORY GUIDELINE RANGE

*U.S. v. Carroll, Defendant's Sentencing Memorandum*
CR-13-00256-EMC

Mr. Carroll pled guilty to a violation of using a firearm in furtherance of a crime of violence causing murder, 18 U.S.C § 924(j).  The parties reached a plea agreement in this case under Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C).  The parties stipulated in the plea agreement that Mr. Carroll's base offense level is 35, and that there is also grounds for an additional downward departure.  The Probation Officer's recommendation agrees with the adjustment in the offense level based on USSG § 2A1.1, commentary n. 2(B), and also finds that a variance is appropriate under 18 USSG § 3553(a), based on Mr. Carroll's history and his efforts to proactively engage in activities that "establish a healthy foundation for his release." (Dkt. No. 207 at p.23, final PSR)  These are factors, based on the Guidelines, that support the sentence to which the parties have agreed and that the Court indicated it accepted.

## II.    FACTUAL BACKGROUND SUPPORTING VARIANCE UNDER 18 U.S.C. SECTION 3553(a)

Section 3553(a)(1) is a "broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *Gall v. U.S.*, 552 U.S. 38, 49 n.6 (2007).  The *Gall* Court considered the defendant's rehabilitation, family connections, lack of further criminal activity, and efforts to better himself when affirming a sentence that was a substantial variance from the guidelines.  There, the lower court found that "'imprisonment would be counter effective by depriving society of the contributions of the Defendant, who, the Court has found, understands the consequences of his criminal conduct and is doing everything in his new power to forge a new life.'" *Id.* at 44.

Mr. Carroll deeply regrets the choices he made that have led him to this point.  At the time of the offense, he had fallen into a lifestyle that is not uncommon for those who suffer childhood trauma, neglect, and abuse.  He coped with his problems with drugs, and he did not have any guidance to help him make good decisions or change the direction of his life.  All of this, however, does not excuse his conduct that led to the death of the victim, and Mr. Carroll carries this burden.  He has accepted responsibility for his conduct, and believes that his post-

*U.S. v. Carroll, Defendant's Sentencing Memorandum*
CR-13-00256-EMC

offense rehabilitation will allow him to become a productive and positive member of the community after his incarceration.

Ryan Carroll is a person who has faced significant loss and trauma in his life that no one could bear without a support network, and Mr. Carroll did not have this.  Mr. Carroll's history is fairly described in the final Presentence Report.  Likewise, as indicated in the PSR, the instant offense was by far the most serious crime in his criminal history.

Mr. Carroll well understands the seriousness of the offense.  Prior to his incarceration, he was trying to turn his life around and was attending community college.[1]  He has taken steps to rehabilitate while he has been in custody, as noted in the PSR, and he will continue to do so.  He has a plan to continue his education in custody and when released.  He understands that he must make education, work, and sobriety the focus, so that he can lead a productive life.

Importantly, this crime occurred when Mr. Carroll was very young, just 23 years old.  He is older now, and he has spent years thinking about the crime he committed.  He has had time to think about how his difficult youth affected him, and he has made efforts to rid himself of addiction.  The most important thing for Mr. Carroll in preventing recidivism will be his ability to obtain further education and employment opportunities.  He has shown a willingness to further his education and an ability to gain employment.  His engagement with proactive social groups during incarceration demonstrates his leadership abilities and his ability to commit to work and positive action.

While the seriousness of the offense is significant, no sentencing goals will be achieved by a prison sentence longer than fifteen years.  As the Probation Officer noted, Mr. Carroll's release will be at an age when criminal behavior is much less likely.  A one hundred eighty month sentence is a significant time period which will punish Mr. Carroll greatly, and it will certainly deter him from further recidivism, because he understands the positive contributions he can make to his community when he is free.

---

[1] Mr. Carroll's Edmonds Community College Transcript is attached as Exhibit A.

*U.S. v. Carroll, Defendant's Sentencing Memorandum*
CR-13-00256-EMC

Finally, Mr. Carroll is remorseful and ashamed that he made these decisions and is before this Court, and he regrets that he took part in an offense that took someone's life.  Mr. Carroll knows that he will be incarcerated for his actions, but also knows and is grateful that he will have a second chance.  He will do all he can to learn how to cope with his problems, make better choices, and set goals for himself.  He is determined to put his life back on a positive and productive course, which is leading a law-abiding life, with work and education.  Because this offense was a great aberration with respect to Mr. Carroll's history, this Court can be assured Mr. Carroll will be deterred from committing any further criminal acts by a sentence of one hundred and eighty months.

## IV.   RESTITUTION

Restitution in this matter is controlled by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. 3663A.  Additionally, "[f]ederal courts have no inherent power to award restitution, but may do so only pursuant to statutory authority." *United States v. Follet*, 269 F.3d 996, 998 (9th Cir. 2001).

Here, the victim's mother has requested restitution for five years of *her* lost income, totalling $750,000.00, which she did not gain because of her early retirement.  She indicates that she retired early due to the toll that cancer treatment along with pain, suffering, and shame took on her, resulting from her son's murder.  However, the confines of § 3663A do not permit the Court to make an order for her lost wages.  *See, United States v. Cienfuegos*, 462 F.3d 1160, 1163-1164 (9th Cir. 2006) (holding that the victim's estate may make a restitution claim only for the victim's lost wages); 18 U.S.C. § 3663A(b)(2)(C).  As such, no restitution for the victim's mother's lost wages may be ordered.

The victim's mother also requests restitution in the amount of $10,000.00 for prescription drugs.  There is no indication of whether these are cancer drugs or drugs related to her psychological stress.  Regardless, she cannot recover this via restitution.[2]  First and foremost, she

---

[2] Note that § 3663A does not provide for recovery of tort-like damages, such as emotional distress, pain and suffering, and loss of consortium.

*U.S. v. Carroll, Defendant's Sentencing Memorandum*
CR-13-00256-EMC

is not the victim in this matter.  Second, even if the Court were to consider her a "victim," the MVRA only allows for restitution orders for psychological care when there has been bodily injury to the victim, and she did not suffer any physical injury.  *See,* 18 U.S.C. 3663A(b)(2)(A).

Regarding the storage costs of $2150.00, there is no sufficient documentation or explanation for how this cost falls within the MVRA's purview, and it cannot be recovered.  *See,* 18 U.S.C. § 3663.

Regarding the restitution claim of $2000.00 for the car, Mr. Carroll is not liable for this, because he was not convicted of any offense resulting in damage to or loss or destruction of property of a victim."  18 U.S.C. § 3663A(b)(1).   The MVRA clearly states that "when sentencing a defendant *convicted of an offense* described in subsection (c), the court shall order, . . . that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate."  18 U.S.C. § 3663A(a)(1)

Mr. Carroll submits that, under 18 U.S.C. § 3663A(b)(3), he is liable for the costs of the victim's funeral expenses of $4000.00.

Mr. Carroll was unaware of the amount of restitution until after the time of the plea,[3] and no sufficient justification or documentation has been provided to justify the amount of the restitution, for many of the claimed expenses.  It is the government's burden to demonstrate the amount of loss.  *Cienfuegos*, 462 F.3d at 1168-69.

If the Court is considering awarding the victim's mother restitution covering her lost wages, prescription drugs, or storage, Mr. Carroll requests a future hearing on this matter, so that both sides may fully brief this issue after receipt of additional documentation.

Mr. Carroll requests that the Court go forward with the sentencing on November 18, 2015, even if it reserve the restitution hearing for a later date.

## V.     REQUEST FOR DESIGNATION

---

[3] The mother's victim impact statement declaration of loss is dated August 28, 2015.

*U.S. v. Carroll, Defendant's Sentencing Memorandum*
CR-13-00256-EMC

Mr. Carroll requests that the Court recommend that he be designated by the Bureau of Prisons to FCI Florence, because he hopes to reconnect with his family after sentencing, and this prison is in close proximity to Southern Illinois, where his family resides, and because it offers educational programs and work programs that he would like to participate in.

Mr. Carroll also requests that the Court recommend to the Bureau of Prisons that he be designated to FCI Sheridan, because it is near to the Seattle area where he has a community and a history of employment, and because it offers educational programs and work programs that he would like to participate in.

Mr. Carroll further requests that the Court make a recommendation to the Bureau of Prisons that the Bureau of Prisons waive the Public Safety Factors that may be associated with this case.  The reason for this is that Mr. Carroll hopes to gain college credits or professional certificates while he is in prison, and he will be ineligible for many of the prisons with good programming if the public safety factors are not waived.

## VI.     CORRECTION OF PSR

Undersigned counsel provided documentation to the Probation Officer that Mr. Carroll has obtained his GED, and Mr. Carroll requests that the Court order that the Presentence Report be amended to reflect this.  (Exhibit A)

## **CONCLUSION**

Based on the above, the defendant respectfully requests that this Court sentence him to one hundred eighty months of imprisonment, pursuant to the Plea Agreement.


Dated: November 11, 2015                    Respectfully Submitted,



                                            /s/ _____
                                            SEVERA KEITH
                                            Attorney for Defendant

*U.S. v. Carroll, Defendant's Sentencing Memorandum*
CR-13-00256-EMC

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*U.S. v. Carroll, Defendant's Sentencing Memorandum*
CR-13-00256-EMC

# EDMONDS COMMUNITY COLLEGE

CARROLL RYAN C          359780567          10/07/15 PAGE 1          *******1          CARROLL RYAN C

## TRANSCRIPT / GRADE RECORD

EDMONDS COMMUNITY COLLEGE
20000 68TH AVE WEST
LYNNWOOD WA 98036

OFFICIAL TRANSCRIPT WHEN SIGNED AND SEALED

INFORMATION FROM THIS RECORD MAY NOT BE RELEASED TO ANY OTHER PARTY WITHOUT OBTAINING CONSENT OF THE STUDENT

TO
CARROLL RYAN C
4925 181ST PL SW
LYNNWOOD WA 98037

| COURSE | COURSE TITLE | GRADE | CREDIT HRS | GRADE POINT |
|---|---|---|---|---|
| ***** | FALL 09 ***** | | | |
| ANTH& 104 | WORLD PREHISTORY:CD | 1.5 | 5.0 | 7.5 |
| ENGL 100 | INTRO TO COLLEGE WRITING | 2.3 | 5.0 | 11.5 |
| MATH 060 | INTRODUCTION TO ALGEBRA | 0.0 | | |
| QUARTER: | P/S CR 0.0 | CR 10.0 | ERN 10.0 | GPA CR 15.0 / GPTS 19.0 / GPA 1.27 |
| ***** | WINTER 10 ***** | | | |
| POLS& 202 | AMERICAN GOVERNMENT | 0.0 | 5.0 | 0.0 |
| QUARTER: | P/S CR 0.0 | CR 0.0 | ERN 0.0 | GPA CR 5.0 / GPTS 0.0 / GPA 0.00 |
| CUMULATIVE: | P/S CR 0.0 | CR 10.0 | ERN 10.0 | GPA CR 20.0 / GPTS 19.0 / GPA 1.95 |
| COLLEGE LEVEL | 0.0 | 0.0 | 0.0 | GPA CR 15.0 / GPTS 19.0 / GPA 1.27 |
| ***** | END OF TRANSCRIPT ***** | | | |

THIS COLLEGE IS ACCREDITED BY THE ASSOCIATION OF SECONDARY AND HIGHER EDUCATION

| NAME | BIRTH MO/DAY | QTR/YR ENTERED | STUDENT I.D. | PREVIOUS NAME | HIGH SCHOOL | YEAR GRAD. |
|---|---|---|---|---|---|---|
| CARROLL RYAN C | 06/22 | FALL 09 | 952280376 | | GED CERTIFICATE | 04 |

| PROGRAM | ADVISOR | STUDENT TYPE | DEGREE OR CERTIFICATES EARNED | YEAR |
|---|---|---|---|---|
| AS-TRACK 1 | | | | |

The official signature of the Registrar is white and is imposed upon a light blue background. Reject document as official if signature is distorted.

Rae Ellen Reas, Registrar

MISUSE OF AN ACADEMIC RECORD IS A VIOLATION OF STATE AND FEDERAL STATUTES

# Transcript Legend

**Accreditation:** Edmonds Community College is accredited by the Northwest Commission on Colleges and Universities (NWCCU).

**Confidentiality of Student Records:** In compliance with the Family Educational Rights and Privacy Act of 1974, this information is released on the condition that the recipient "will not permit any other party to have access to such information without the written consent of the student."

Edmonds Community College uses a numerical grading system. Numerical grades may be considered equivalent to letter grades as follows:

| | | |
|---|---|---|
| 4.0 - 3.9 | A | Highest Achievement |
| 3.8 - 3.5 | A- | |
| 3.4 - 3.2 | B+ | |
| 3.1 - 2.9 | B | High Achievement |
| 2.8 - 2.5 | B- | |
| 2.4 - 2.2 | C+ | |
| 2.1 - 1.9 | C | Acceptable Achievement |
| 1.8 - 1.5 | C- | |
| 1.4 - 1.2 | D+ | |
| 1.1 - 1.0 | D | Minimum standard-acceptable achievement |
| 0.9 - 0.7 | D- | |
| 0.0 | E/F | Less than acceptable achievement |

Other symbols used (no grade point value):

| | |
|---|---|
| & | Denotes WA State Common Course number |
| # | High school credit |
| * | Grade not submitted in time to process (1976-77 to present) |
| G | Course challenge (1976-77 to present) |
| H | Articulation Agreement |
| I | Incomplete |
| K | Credit awarded by assessment of Experiential Learning |
| L | Advanced placement |
| N | Audit (1977-78 to present) |
| R | Course repeated |
| S | Satisfactory |
| U | Unsatisfactory |
| V | Instructor initiated withdrawal |
| W | Official withdrawal |
| X | Expunged - Academic Renewal approved |

The Grade Point Average (GPA) is a weighted average of the grades received by the students, calculated by dividing the number of grade points earned by the number of credit hours attempted. For example:

| Course | Cr | Grade | Grade Pts |
|---|---|---|---|
| Mgmt 118 | 3 | 2.0 | (3X2)= 6 |
| History 105 | 5 | 3.0 | (5X3)=15 |
| Psychology 100 | 5 | 4.0 | (5X4)=20 |
| Totals | 13 | | 41 |

Dividing 41 by 13 (total number of points by the total number of credits) equals a grade point average of 3.15.

**Course Numbering System:**

001 - 099    Adult Basic Education, English as a Second Language, High School completion, and some English for Academic Purposes

100 - 299    College level courses applicable to Associate Degrees

**TO TEST FOR AUTHENTICITY:** Translucent globe icons *MUST* be visible from both sides when held toward a light source. The face of this transcript is printed on blue SCRIP-SAFE® paper with the name of the institution appearing in white type over the face of the entire document.

EDMONDS COMMUNITY COLLEGE • EDMONDS COMMUNITY COLLEGE • EDMONDS COMMUNITY COLLEGE • EDMONDS COMMUNITY COLLEGE• EDMONDS COMMUNITY COLLEGE•EDMONDS COMMUNITY COLLEGE • EDMONDS COMMUNITY COLLEGE • EDMONDS COMMUNITY COLLEGE • EDMONDS COMMUNITY COLLEGE • EDMONDS COMMUNITY COLLEGE • EDMONDS COMMUNITY COLLEGE • EDMONDS

**ADDITIONAL TESTS:** The institutional name and the word COPY appear on alternate rows as a latent image. When this paper is touched by fresh liquid bleach, an authentic document will stain brown. A black and white or color copy of this document is not an original and should not be accepted as an official institutional document. This document cannot be released to a third party without the written consent of the student. This is in accordance with the Family Educational Rights and Privacy Act of 1974. If you have any questions about this document, please contact our office. ALTERATION OF THIS DOCUMENT MAY BE A CRIMINAL OFFENSE!

13117213                                                                                                    SCRIP-SAFE® Security Products, Inc. Cincinnati, OH

 UNOFFICIAL SCORE REPORT FOR THE
GENERAL EDUCATIONAL DEVELOPMENT TESTS

### CANDIDATE INFORMATION

| | | | |
|---|---|---|---|
| Name: | RYAN T CARROLL | Date of Birth: | 06/22/1984 |
| Address: | 509 N WILLOW | Identification Number: | 359780567 |
| | TOLUCA, IL 61369 | Issue Date: | 09/09/2004 |

| TEST NAME | TEST FORM | TEST DATE | STANDARD SCORE Score for this Date | High Score to Date | PERCENTILE RANK Percent for this Date | High Percent to Date |
|---|---|---|---|---|---|---|
| Language Arts, Reading | IH | 08/20/2004 | 570 | 570 | 76% | 76% |
| Language Arts, Writing | IH | 08/20/2004 | 430 | 430 | 24% | 24% |
| Mathematics | IH | 08/20/2004 | 520 | 520 | 58% | 58% |
| Science | IH | 08/20/2004 | 540 | 540 | 66% | 66% |
| Social Studies | IH | 08/20/2004 | 630 | 630 | 90% | 90% |

STANDARD SCORE TOTAL . . . . . . . . . . . . . . . . . .    2,690
PASSED CONSTITUTION TEST. . . . . . . . . . . . . .    Yes

**Congratulations! Based on your highest GED scores to date you   <DO QUALIFY>  for an Illinois High School Equivalency Certificate.**

Illinois residents must meet all of the following requirements to be eligible for an Illinois High School Equivalency Certificate:
· attain a minimum Total Standard Score of 2,250 on the entire battery (average score of 450 on each test); AND
· attain a minimum Standard Score of 410 on each of the five GED Tests; AND
· attain a passing score on the Constitution Test

### INTERPRETING YOUR GED TEST RESULTS

Results on each of the five GED tests are given as standard scores ranging from 200-800 and percentile ranks ranging from 1-99. Higher scores result from correctly answering more test questions. Both scores compare your results to those for a recent representative national sample of high school seniors. The percentile rank shows the percentage of the graduating seniors who earned scores at or below those of the GED candidate.

The passing standard for the 2002 Series GED Tests is a minimum of 410 on each of the five tests AND a total standard score of 2,250 (an average score of 450 on each test). Adults who pass the GED Tests earn scores that meet or exceed the performance of that demonstrated by 4 of every 10 traditional high school graduates. Candidates who do not pass can retake the GED Tests in order to raise their scores.



## ILLINOIS HIGH SCHOOL EQUIVALENCY TESTING PROGRAM